FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Mar 13, 2023

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>JOSE PENA-LUNA,<br><br>　　　　　Defendant. | No. 2:22-CR-00105-SAB-1<br><br>ORDER DENYING DEFENDANT'S MOTION TO MODIFY CONDITIONS OF RELEASE<br><br>**MOTION DENIED**<br>　(**ECF No. 27**) |

　　Pending before the Court at **ECF No. 27** is Defendant JOSE PENA-LUNA's Motion to Modify Conditions of Release, specifically, Condition No. 18, requiring him to participate in GPS monitoring.

　　Specifically, Defendant moves to amend Condition No. 18 in the Order Following Detention Hearing on Indictment, ECF No. 19, requiring him to participate in GPS monitoring. Defendant claims the condition presents a financial burden on Defendant and his family. U.S. Probation does not object to the proposed modification and the United States defers to the Court.

　　The Court has reviewed Defendant's motion at **ECF No. 27** and continues to find the electronic monitoring condition is an important part of the combination of conditions that provide a reasonable assurance of both Defendant's appearance at future court proceedings and the safety of community. *See* 18 U.S.C. § 3142.

ORDER - 1

When the Court previously fashioned conditions of release, the Court took into account the nature and circumstances of the offense charged, the weight of the evidence against Defendant, as well as Defendant's history and characteristics, including character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct and history relating to alcohol and drug abuse, and also criminal history, record concerning appearance at court proceedings, whether Defendant was under supervision at the time of the alleged offense, and the nature and seriousness of the danger to the community posed by Defendant's release.  In the Court's continued view, the electronic location monitoring condition is an appropriate condition of release.

While Defendant has not had any serious issues while on pretrial release during the time the electronic monitoring condition has been in place, it does not then follow that the electronic monitoring condition is therefore now unnecessary or superfluous.  First, Defendant has a poor history of complying with prior court requirements and directives as demonstrated by the four prior illegal reentry/removal cases reflected in the Supplement Pretrial Services Report.  ECF No. 15 at 2-3.  Second, Defendant also violated the terms of his supervised release in one of those prior cases by returning to the United States while still on supervised release.  *Id*. at 3.  Third, Defendant also has a history of arrests and a conviction for driving offenses involving alcohol.  *Id*.  Finally, Defendant also has failed to appear for prior proceedings on at least two occasions.  *Id*. at 3-4.  After again considering Defendant's prior record and prior compliance with court supervision, the Court continues to view the electronic location monitoring condition as an appropriate pretrial release condition that imposes a minimum and modest burden on Defendant while serving a necessary supervision function including deterrence.

ORDER - 2

The Court has also considered that the GPS monitoring condition evidently has cost Defendant $737 since the Court released Defendant over the objection of the United States on September 12, 2022.  ECF Nos. 19, 27.  This is a cost of a little over $100 a month (mid September 2022 through early March 2023).  While not insignificant, it is not an unduly burdensome cost particularly given the countervailing concerns identified in this Order.

Accordingly, for the reasons stated in this Order, Defendant's Motion to Modify Conditions of Release, **ECF No. 27,** is **DENIED.**

**IT IS SO ORDERED.**

DATED March 13, 2023.



_____
JAMES A. GOEKE
UNITED STATES MAGISTRATE JUDGE

ORDER - 3